IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NICHOLAS A. WALKER,

Petitioner,

vs.                                              Civil No. 07-40032-DRH-7
                                                       Criminal No. 16-00292-GPM

UNITED STATES,

Respondent.

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on petitioner Nicholas A. Walker's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Under Rule 4(b) of the RULES GOVERNING § 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, a judge receiving a § 2255 motion must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Walker's petition shows that it must be dismissed.

On September 4, 2008, Walker entered into a plea agreement and entered a plea of guilty to the one-count fifth superseding indictment, which charged Walker with conspiracy to manufacture and possess with intent to distribute a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and

846. Walker's presentence investigation report (PSR) calculated a total offense level of 31 and a criminal history category of V, resulting in a guideline range of imprisonment of 168 to 210 months (Cr. Doc. 343). However, in accordance with the plea agreement, Walker was assessed as having a total offense level of 31 and a criminal history category of IV (Cr. Doc. 334). Thus, Walker had a guideline sentencing range of 151-188 months. Also pursuant to the plea agreement, Walker agreed not to seek any sentence below the lowest range of the advisory sentence recommended by the guidelines. On December 12, 2008, the undersigned imposed a total sentence of 168 months imprisonment (Cr. Doc. 361). On December 12, 2008, the sentencing court entered judgment reflecting the same (Cr. Doc. 363). Walker did not appeal his criminal judgment.

On March 18, 2016, Walker filed the instant § 2255 motion (Doc. 1). The government has not been ordered to file a response to Walker's § 2255 motion. Pursuant to 28 U.S.C. § 2255 and Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, the Court has reviewed Walker's filing to determine whether he might be entitled to relief. For procedural reasons, the Court determines that he is not. 28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, the Court entered judgment on December 12, 2008. Walker did not appeal his conviction. Thus, it became final 14 days after it was entered and the deadline to file a notice of

appeal expired. 28 U.S.C. § 2255(f)(1); FED. R. APP. P. 4(b)(1)(A). As Walker filed his § 2255 motion in March 2016, it is clearly untimely. Walker's judgment of conviction was final for well over seven years prior to the filing of his instant petition.

The § 2255 limitations period can be tolled in two ways: equitable estoppel or equitable tolling. *Clarke v. United States,* 703 F.3d 1098, 1101 (7th Cir. 2013). Equitable estoppel applies where the government takes active steps to prevent the petitioner from timely filing suit. *Id.* Equitable tolling applies where a petitioner has diligently pursued his rights but some "extraordinary circumstance" prevented his timely filing. *Holland v. Florida*, 560 U.S. 631 (2010) (construing § 2244(d)'s similar one-year limitation for § 2254 petitions); *see Clarke,* 703 F.3d at 1101. The Court's review of Walker's file demonstrates neither doctrine applies.

The latter doctrine, equitable tolling, coincides with § 2255(f)(4), which states the one year limitation period shall run from, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Walker alleges that extraordinary circumstances exist in this case because defense counsel "made misrepresentations to the Petitioner regarding the status of the state aggravated battery charge, and counseled Petitioner against arguing his objection to the enhancement." (Doc. 1, pg. 6). Walker states that "he would have presented a non-frivolous argument regarding the enhancement" (*Id.*). Walker went on to argue that the §2D1.1(b)(1) enhancement is inapplicable to him because he disputes ever

being in possession of a dangerous weapon.[1] However, the Court finds that petitioner's arguments are not properly before the Court.

Under Section 2255(f)(2), petitioner cannot point to some inability to his raising the instant claim earlier. Also, under Section 2255(f)(3), petitioner does not point to a Supreme Court case that recognizes rights made retroactive to his case. As to Section 2255(f)(4), petitioner does not point to a newly discovered "fact." Finally, petitioner has not alleged any "extraordinary circumstances" warranting equitable tolling of the statute of limitations. See *Holland v. Florida,* 560 U.S. 631 (2010) (holding that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing); *Johnson v. Chandler*, 224 Fed. App'x. 515, 519 (7th Cir.2007) ("[W]e have yet to identify a factual circumstance so extraordinary that it warrants equitable tolling."). As such, the Court cannot consider petitioner's arguments on the merits. Accordingly, petitioner's Section 2255 petition is denied as untimely.[2]

### CERTIFICATE OF APPEALABILITY

---

[1] The Court notes that Walker entered into a stipulation of facts with government, wherein he admitted to his participation in multiple methamphetamine cooks, his actions as a lookout for others during cooks, and his receipt of methamphetamine in return for his assistance in cooking it. Also, he admitted that "on March 23, 2007, a search warrant was executed at Walker's residence, which resulted in the recovery of firearms, ammunition, drug paraphernalia, and a syringe with methamphetamine residue. (Cr. Doc. 335 ¶ 3).

[2] This dismissal does not preclude Walker from filing a second or successive §2255 claim seeking relief under *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), if he believes that he is entitled to such relief. However, because Walker previously filed a §2255 motion, he must seek permission to file a second or successive §2255 motion with the Seventh Circuit Court of Appeals if he chooses to pursue a *Johnson*-based claim in the future. See 28 U.S.C. § 2244(b)(3). Walker has one year from the date of the *Johnson* decision to seek relief.

Under Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

Reasonable jurists could not debate that the petition should have been resolved in a different manner. Reasonable jurists would not debate that the petition does not state a valid claim of the denial of a constitutional right, nor would they debate that the petition is untimely. Therefore, the Court declines to certify

any issues for review pursuant to 28 U.S.C. § 2253(c).

## CONCLUSION

For the aforementioned reasons, petitioner Nicholas A. Walker's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** as untimely, and the Court shall not issue a certificate of appealability. This action is **DISMISSED with prejudice**, and judgment shall enter accordingly.

**IT IS SO ORDERED.**

Signed this 21st day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.21 15:24:31 -05'00'

**United States District Judge**